UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VAZQUEZ GASPAR,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*,<br>Respondents. | Case No. 1:26-cv-06123 (VC)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 4 |

Petitioner Rodolfo Vazquez Gaspar is an immigration detainee proceeding with a petition for writ of habeas corpus and application for a temporary restraining order. Dkt. Nos. 1, 4. He seeks his immediate release from immigration detention, arguing that his prolonged detention—which has now reached one month—violates due process. Dkt. No. 1 ¶¶ 46–49. Respondents argue that the petition should be denied because Petitioner has not yet exhausted his administrative remedy by appealing his § 1226(a) bond hearing determination to the Board of Immigration Appeals ("BIA"). *See* Dkt. No. 9 at 4–6. For the reasons set forth below, the Court finds that Petitioner has failed to exhaust his administrative remedy of appealing his bond determination to the BIA, denies the application for temporary injunctive relief, and dismisses the instant petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States on November 21, 2023 through a Temporary Agricultural Worker Visa with authorization to remain in the United States until May 25, 2025. *See* Dkt. No. 9-1 at 2. He remained in the United States past

this expiration and did not seek further immigration relief. *Id*. at 3 (showing no immigration history aside from the expired visa). On June 27, 2026 Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and served a notice to appear placing him in removal proceedings, charging him as inadmissible for overstaying his visa. *Id*. at 2; Dkt. No. 9-3 at 1.

Following his arrest, Petitioner was provided a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). Dkt. No. 9-4 at 1. The IJ denied bond, noting in the order that bond was denied because Petitioner "is a significant flight risk." *Id*. The order does not include any further detail with respect to the IJ's findings and analysis. Neither party has submitted additional evidence with respect to the procedures followed at said hearing, the standard which the IJ applied at the hearing in denying bond, if the IJ made any factual findings orally, or what evidence the IJ considered.

## II. DISCUSSION

Both parties agree that Petitioner's detention is controlled by § 1226(a) and that he was appropriately provided a bond hearing under that statute. Petitioner, however, maintains in his reply that the IJ's denial of bond through its one sentence order violated his due process rights, and requests a renewed bond hearing with constitutional safeguards. *See* Dkt. No. 11 at 7–8. In opposition, Respondents argue that the Petition should be dismissed as Petitioner has failed to exhaust his administrative remedies by appealing the bond denial to the BIA. Dkt. No. 9 at 4–6.

Although 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," Ninth Circuit precedent may "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, Courts may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the

requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (*quoting Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 537 (9th Cir.2003)).

The *Puga* factors weigh in favor of requiring exhaustion here. As to the first *Puga* factor, "the BIA has subject-matter expertise for individual immigration bond decisions and the authority to review appeals of such decisions by IJ's." *Martinez v. Scott*, No. 2:25-CV-01538-TSZ-GJL, 2025 WL 2689844, at *4–5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025). Additionally, an appeal of Petitioner's order to the BIA would have the effect of generating a more complete record of the bond hearing proceedings—something that the Court is currently lacking as neither party has submitted evidence demonstrating what actually occurred at said bond hearing aside from the written bond decision.

The second factor also weighs in favor of requiring exhaustion. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth v. Kaiser*, No. 1:25-CV-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026) (finding that the second *Puga* factor weighs in favor of prudential exhaustion). The Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While *Rodriguez* did not foreclose as-applied challenges to § 1226(a), there are no facts before the court suggesting that the hearing itself violated due process, such as that the IJ refused to consider evidence or hear testimony.

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). The BIA "has the authority to correct … erroneous factual determinations and evidentiary errors[.]" *Martinez*, 2025 WL 2689844, at *5. "[A]llow[ing] the agency to correct its own mistakes" regarding the IJ's determination of Petitioner's flight risk could "preclude the

need for judicial review." *See Hernandez*, 872 F.3d at 988. Accordingly, all three factors support exhaustion in this instance.

The Court further finds that Petitioner has not made a showing that exhaustion should be excused. Where the *Puga* factors weigh in favor of prudential exhaustion, courts may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). "The party moving the court to waive the prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Petitioner argues that exhaustion should be waived because the petition raises a constitutional challenge, and because the BIA cannot order full relief, including release or a constitutionally adequate hearing. The Court does not find either argument persuasive. As discussed above, Petitioner has not actually made any claims with respect to the procedures he was afforded at the bond hearing, or presented any evidence regarding what occurred at the hearing. Additionally, Petitioner has cited no authority supporting the contention that the BIA cannot order release, or require the IJ to hold a second bond hearing where appropriate procedures are provided.

Accordingly, the Court dismisses the petition without prejudice. The Clerk of the Court is ordered to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: August 17, 2026

VINCE CHHABRIA
United States District Judge